*UNITED STATES DISTRICT COURT*
*DISTRICT OF MAINE*

| | | |
|---|---|---|
| *IRENE D. IEZZI,* | ) | |
| | ) | |
| *Plaintiff* | ) | |
| | ) | |
| *v.* | ) | *Civil No. 09-10-P-S* |
| | ) | |
| *MICHAEL J. ASTRUE,* | ) | |
| *Commissioner of Social Security,* | ) | |
| | ) | |
| *Defendant* | ) | |

*REPORT AND RECOMMENDED DECISION*[1]

This Social Security Disability ("SSD") and Supplemental Security Income ("SSI") appeal raises the question of whether the commissioner supportably found the plaintiff's allegedly disabling dizziness non-severe.  I recommend that the decision of the commissioner be vacated and the case remanded for further development.

Pursuant to the commissioner's sequential evaluation process, 20 C.F.R. § 405.101 (incorporating 20 C.F.R. §§ 404.1520, 416.920); *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff had the following medically-determinable impairments: a history of syncope, dizziness, and episodes of nausea; osteoporosis of the left forearm; a history of left brachial plexopathy or Parsonage Turner syndrome, resolved in 2005; and a history of vertebrogenic disorders, but she

---

[1] This action is properly brought under 42 U.S.C. §§ 405(g) and 1383(c)(3).  The commissioner has admitted that the plaintiff has exhausted her administrative remedies.  The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office.  Oral argument was held before me on October 9, 2009, pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority, and page references to the administrative record.

had no "severe" impairments or combination of impairments, the existence of which was documented by the requisite objective medical evidence, meeting the applicable continuity and durational criteria, Finding 3, Record at 9; and that she therefore had not been under a disability at any time from March 23, 2007, the amended alleged date of onset of her disability, through the date of the decision (August 19, 2008), Finding 4, *id*. at 18.[2]   The Decision Review Board declined to review the decision, *id*. at 1-3, making it the final determination of the commissioner, 20 C.F.R. § 405.450(a); *Dupuis v. Secretary of Health & Human Servs*., 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence.  42 U.S.C. §§ 405(g), 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996).   In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn.  *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 2 of the sequential evaluation process. Although a claimant bears the burden of proof at this step, it is a *de minimis* burden, designed to do no more than screen out groundless claims.  *McDonald v. Secretary of Health & Human Servs*., 795 F.2d 1118, 1123 (1st Cir. 1986).   When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work

---

[2] For purposes of her SSD claim, the plaintiff met the insured status requirements of the Social Security Act through the close of 2011. *See* Finding 1, Record at 9.

2

even if the individual's age, education, or work experience were specifically considered." *Id.* at 1124 (quoting Social Security Ruling 85-28).

The plaintiff contends that the administrative law judge erred in finding her dizziness non-severe given that (i) his determination that the condition failed to meet applicable durational and continuity requirements is unsupported by substantial evidence, (ii) he failed even to make a finding as to whether the condition would have more than a minimal effect on her ability to work, and (iii) even assuming *arguendo* that the decision can be construed to make such an implicit finding, it, too, is unsupported by substantial evidence. *See* Itemized Statement of Errors Pursuant to Local Rule 16.3 Submitted by Plaintiff ("Statement of Errors") (Docket No. 6) at 2-7. I agree, and recommend that the court find, that reversal and remand are warranted.

## I. Discussion

After summarizing the evidence of record pertaining to the plaintiff's alleged "transient alteration" of awareness, syncope, collapse, dizziness, blackouts, labyrinthitis, and vertigo, the administrative law judge stated:

> . . . I conclude that within 12 months of the alleged date of onset of her disability the claimant was no longer experiencing syncopal episodes. Within 12 months of the alleged date of onset of her disability the claimant had achieved excellent reduction of the frequency and severity of her episodes of dizziness. Within 12 months of the alleged date of onset of her disability the claimant had achieved excellent reduction of the frequency and severity of her episodes of nausea. Accordingly, the claimant's syncopal episodes, dizziness and nausea did not constitute severe impairments, meeting the applicable continuity and durational criteria described above.

Record at 18. The administrative law judge evidently referred to 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A), and 1382c(a)(3)(A), which define "disability" as an inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or has lasted or can be expected to last for a

continuous period of not less than 12 months[,]" 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A); *see also id*. § 1382c(a)(3)(A), and to accompanying regulations, 20 C.F.R. §§ 404.1509 and 416.909, which provide: "Unless your impairment is expected to result in death, it must have lasted or must be expected to last for a continuous period of at least 12 months.  We call this the duration requirement[,]" 20 C.F.R. §§ 404.1509, 416.909.  *See* Record at 7-8.

The plaintiff was noted to have achieved an excellent reduction in the frequency and severity of her dizzy spells, enabling her to return to driving, on September 24, 2007, *see* Record at 214, approximately six months after her alleged onset date of disability.  However, on March 14, 2008, she reported a recent flare-up in dizziness, little response to Meclizine, the medication that had been prescribed to control it, and a possible syncopal episode on February 2, 2008.  *See id*. at 259.   Her doctor discontinued Meclizine and prescribed a trial of Prednisone and low-dose Valium, as well as restarting vestibular exercises.  *See id*.  She was noted as of April 5, 2008, to be using Valium and tapering Prednisone and to be experiencing one episode of dizziness every one to two weeks.  *See id*. at 258.  At her hearing, held on July 29, 2008, she testified that she was experiencing dizzy spells two to three times per week, sometimes accompanied by nausea, even when taking prescribed medication.  *See id*. at 47.

The regulations provide that a claimant's *impairment* must have lasted, or be expected to last, for a continuous period of at least 12 months, not his or her *symptoms*.  *See* 20 C.F.R. §§ 404.1509, 416.909.  An impairment can last for a continuous period of more than 12 months and yet produce intermittent symptoms.  *See, e.g., Greene v. Barnhart*, No. 03-36-B-W, 2003 WL 22961199, at *4 (D. Me. Dec. 15, 2003) (rec. dec., *aff'd* Jan. 9, 2004) ("A condition need not be 'severe' or symptomatic day in and day out for twelve straight months to meet the durational requirement.  Rather, as the Supreme Court recently observed in *Barnhart v. Walton,*

[535 U.S. 212, 218-19] (2002), a claimant must show both that his or her impairment has lasted (or is expected to last) for twelve months and, ultimately (for purposes of being found disabled and hence entitled to benefits), that it is severe enough to prevent him or her from engaging in substantial gainful activity for at least twelve months.").

The evidence of record indicates that the dizziness impairment was present as of the alleged date of onset, March 23, 2007, and continued through April 2008 and beyond, if one credits the plaintiff's hearing testimony. The administrative law judge erred in finding that it did not meet applicable durational and continuity requirements.[3]

---

[3] At oral argument, counsel for the commissioner challenged the notion that the durational requirement can be "de-linked" from consideration of the functional impact of an impairment. He argued that this court in *Greene* and the First Circuit in *Mulero v. Commissioner of Soc. Sec.*, 108 Fed. Appx. 642 (1st Cir. 2004), left the door open to recognition of a linkage between the two and that the United States Court of Appeals for the Tenth Circuit expressly recognized such a linkage in *Aragon v. Astrue*, 246 Fed. Appx. 546 (10th Cir. 2007). To the extent that counsel meant to suggest that the "severity" and the "durational" tests collapse into one test, he is mistaken. The questions of whether a medically-determinable impairment meets the durational requirement and whether it imposes no more than a *de minimis* limitation on a claimant's ability to work are analytically distinct. *See, e.g., Tanner v. Astrue*, Civil Action No. 5:08CV208-J, 2009 WL 3170463, at *5 (W.D. Ky. Sept. 29, 2009) ("Any physical or mental impairment that has more than a *de minimis,* or significant, effect on the claimant's ability to work is 'severe,' and the sequential evaluation should proceed to Step # 3. *In addition*, the 'severe' impairment must satisfy the so-called duration requirement[.]") (emphasis added); *Newton v. Astrue*, Civil Action No. 1:06-CV-1542-AJB, 2008 WL 915923, at *8 (N.D. Ga. Apr. 1, 2008) ("The Commissioner considers at Step 2 whether a claimant has an impairment or combination of impairments that is severe *and* that meets the duration requirement.") (footnote omitted) (emphasis added). To the extent that counsel meant to suggest that the intermittent nature of a claimant's symptoms is properly taken into account in analyzing the stand-alone durational requirement, both *Mulero* and *Greene* leave that question unanswered. *See Mulero*, 108 Fed. Appx. at 643-44; *Greene*, 2003 WL 22961199, at *4. Assuming *arguendo* that, in this circuit, such consideration is proper, I do not think that, on the record presented, the administrative law judge could make a common-sense judgment as a layperson that the plaintiff's dizziness symptoms had sufficiently resolved that her impairment fairly could be said to have lasted less than one year. *See Gordils v. Secretary of Health & Human Servs.,* 921 F.2d 327, 329 (1st Cir. 1990) (although an administrative law judge is not precluded from "rendering common-sense judgments about functional capacity based on medical findings," he "is not qualified to assess residual functional capacity based on a bare medical record"). The record reflects periodic complaints of dizziness symptoms of various intensity through at least April 2008, as well as ongoing prescription of medication and/or exercises to address them. *See, e.g.*, Record at 322 (plaintiff noted on November 27, 2007, to be continuing to experience vague and episodic dizziness; prescribed Meclizine as needed and continuation of vestibular exercises previously given), 259 (plaintiff noted on March 14, 2008, to be reporting recent flare-up in dizziness; Meclizine discontinued and plaintiff prescribed trial of Prednisone and low-dose Valium and told to restart vestibular exercises), 258 (plaintiff noted on April 5, 2008, to be experiencing one episode of dizziness every one to two weeks; prescribed continuing vestibular exercises).

A separate question remains whether the impairment was otherwise severe in the sense that it imposed no more than *de minimis* limitations on the plaintiff's ability to work.  However, as the plaintiff points out, *see* Statement of Errors at 4, the administrative law judge did not answer that question, *see* Record at 17-18.  The court cannot adjudicate the point for the first time on appeal. *See, e.g., Federal Power Comm'n v. Texaco Inc.,* 417 U.S. 380, 397 (1974) ("[W]e cannot accept appellate counsel's *post hoc* rationalizations for agency action; for an agency's order must be upheld, if at all, on the same basis articulated in the order by the agency itself.") (citations and internal quotation marks omitted); *Cagle v. Astrue,* 266 Fed. Appx. 788, 794 (10th Cir. 2008) (rejecting commissioner's "impermissible attempt to provide a *post hoc* rationale in support of the ALJ's decision"); *Rodriguez,* 647 F.2d at 222 ("The Secretary may (and, under his regulations, must) take medical evidence.  But the resolution of conflicts in the evidence and the determination of the ultimate question of disability is for him, not for the doctors or for the courts.").[4]

---

[4] As the plaintiff suggests, even if the decision is read to make an implicit finding that the dizziness condition imposed no more than *de minimis* work restrictions, the record contains no report from a medical or vocational expert specifically so finding.  Disability Determination Services ("DDS") nonexamining consultants Robert Hayes, D.O., and M.S. Miller, Ph.D., M.D., did not reach that question because they found that the plaintiff had no medically-determinable impairment that could cause her dizzy spells. *See* Record at 201, 225.  A third DDS nonexamining consultant, E. Ipakchi, M.D., rendered an opinion only as to the severity of other alleged conditions, nausea, chest pain, and a problem with bowels. *See id.* at 224.  A vocational expert present at the plaintiff's hearing offered no testimony on the point. *See id.* at 58-60.  The administrative law judge, as a layperson, was not competent to judge on the basis of the raw medical evidence that the plaintiff's dizzy spells would have no more than a minimal effect on her ability to work.  He made no express finding discounting her testimony that she experienced dizzy spells two to three times a week.  However, even assuming *arguendo* that he meant to find that she suffered from only one dizzy spell every one to two weeks, as reflected in an April 2008 progress note, *see id.* at 258, I do not think it clear to a layperson as a matter of common sense that dizzy spells even of that lesser frequency would impose no more than minimal work restrictions, *see Gordils,* 921 F.2d at 329.

Reversal and remand accordingly are required for proper adjudication of the question of whether the plaintiff's dizziness constituted a severe impairment and, if so, for continuation of the sequential evaluation process.

## II.  Conclusion

For the foregoing reasons, I recommend that the decision of the commissioner be **VACATED** and the case **REMANDED** for further proceedings consistent herewith.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof.  A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 27th day of October, 2009.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge