UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

IRENE D. IEZZI, )
)
    *Plaintiff* )
)
v. ) No. 2:09-10-GZS
)
MICHAEL J. ASTRUE, )
**Commissioner of Social Security,** )
)
    *Defendant* )

### RECOMMENDED DECISION ON PLAINTIFF'S MOTION FOR ATTORNEY FEES

The plaintiff applies for an award of attorney fees pursuant to 42 U.S.C. § 406(b) after securing an award of past-due benefits before the commissioner following this court's remand of her case for further proceedings. *See* Motion for Award of Section 406(b) Attorney Fees ("Motion") (Docket No. 18). I recommend that the Motion be granted.

### I. Factual and Procedural Background

The plaintiff executed a contingent fee agreement with attorney Daniel Emery in connection with her appeal to this court of the commissioner's adverse decision, agreeing to pay "25% of the amount of past due benefits awarded, provided that such fee is fair and reasonable and is approved the Court[.]" Attach. 2 (Docket No. 18-2) to Motion. The agreement further provided, in relevant part:

> In the event that any fee is awarded by the Agency to Attorney or any other representative for representation before the Agency on Claimant's claim ("Agency Fee"), that Fee will be applied toward the Court Fee, thereby reducing the Court Fee. In no case shall the sum of the Court [F]ee and any Agency [F]ee exceed 25% of the past due benefits awarded to Claimant.

*Id*.

1

On November 18, 2009, following the filing of a statement of errors, oral argument, and the issuance and adoption of a recommended decision in the plaintiff's favor, the court entered a judgment vacating the adverse decision of the commissioner and remanding the case for further proceedings. *See* Docket Nos. 6, 10-13. On December 21, 2009, the court granted a consent motion for approval of a settlement agreement pursuant to which the plaintiff was awarded attorney fees in the amount of $2,283.00 under the Equal Access to Justice Act ("EAJA"). *See* Docket Nos. 15-16.

The plaintiff prevailed on remand and was awarded past-due benefits, with the Social Security Administration ("SSA") withholding $9,148.88, or 25 percent of the total awarded, toward payment of attorney fees. *See* Attach. 1 (Docket No. 18-1) to Motion at 3.[1] The SSA has paid the plaintiff's attorney $5,300.00 of the withheld amount for his work on her behalf before that agency. *See* Motion at 2. The plaintiff seeks payment of the balance, or $3,848.00, for work performed on her behalf in this court, with the proviso that her counsel will refund to her the $2,283.00 already received in EAJA fees. *See id*.

Attorney Emery logged 13.2 hours representing the plaintiff in connection with her appeal to this court. *See* Attach. 3 (Docket No. 18-3) to Motion ¶ 4. The normal rate charged under the EAJA for Attorney Emery's work, $173.00 per hour in this case, is not reflective of normal market fees for him but rather reflects the limit, or "cap," placed on EAJA fees by Congress. *See id.* ¶ 6.

## II. Discussion

Section 406 provides, in relevant part:

> Whenever a court renders a judgment favorable to a claimant under this subchapter [*i.e.*, Title II] who was represented before the court by an attorney, the

---

[1] The award, therefore, totaled approximately $36,595.52. *See* Attach. 1 at 3.

> court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A).

The making of an application for an award of attorney fees pursuant to the EAJA does not preclude an award of attorney fees pursuant to section 406(b). However, a claimant's attorney must refund the smaller of the EAJA fee or the section 406(b) fee to the claimant. *See, e.g., Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002) ("Congress harmonized fees payable by the Government under EAJA with fees payable under § 406(b) out of the claimant's past-due Social Security benefits in this manner: Fee awards may be made under both prescriptions, but the claimant's attorney must refund to the claimant the amount of the smaller fee.") (citation and internal punctuation omitted).

Because the money at stake in a section 406(b) request comes not out of the commissioner's pocket but rather that of the claimant, the court has an independent duty, even when, as here, there is no objection by the commissioner, to satisfy itself that a section 406(b) contingency fee is "reasonable[.]" *See, e.g., id* at 807 ("Most plausibly read, . . . § 406(b) does not displace contingent fee arrangements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court. Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits. Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered.") (citations and footnotes omitted).

As one might expect, the outer boundaries of a test of "reasonableness" are difficult to mark. However, this much is clear: Reduction in the amount that otherwise would be payable pursuant to a contingent fee agreement between a claimant and attorney is appropriate to the extent that (i) counsel's conduct is improper or representation substandard; for example, an attorney is responsible for a delay that has caused an accumulation of past-due benefits, or (ii) the benefits are disproportionate in relation to the amount of time counsel spent on the case (thereby resulting in a windfall). *See id*. at 808; *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989) (*cited with favor in Gisbrecht*, 535 U.S. at 808).

There is no question in this case of substandard performance or improper conduct on the plaintiff's counsel's part. To the contrary, the plaintiff's counsel secured a significant victory based on an efficient use of his time. Hence, I concern myself solely with whether the requested fee confers a windfall.

With only one exception limited to its facts, this court never has awarded a section 406(b) fee that effectively confers an hourly rate of more than three times the invoiced EAJA rate. *See Quimby v. Astrue*, Civil No. 04-33-B-W, 2010 WL 817464, at *5 (D. Me. Mar. 4, 2010) (rec. dec., *aff'd* Mar. 24, 2010).[2]

The plaintiff's application fits comfortably within the parameters of section 406(b) fees that this court has awarded. The total of $3,848.00 in section 406(b) fees now sought for work performed in this court, less the EAJA award to be refunded to the plaintiff of $2,283.00, equals

---

[2] The court in *Quimby* left the door open to claimants to prove that their attorneys' usual and customary billing rates exceed their EAJA billing rates. *See Quimby*, 2010 WL 817464, at *4. While the plaintiff suggests that Attorney Emery's normal billing rate is higher than the EAJA rate, she understandably does not attempt to prove his actual market billing rate. As discussed below, the award she seeks confers an effective hourly rate even lower than the EAJA rate, rendering a showing of market billing rate superfluous.

4

$1,565.00, conferring an effective hourly rate of $118.56 for the 13.2 hours of attorney time expended on the appeal, significantly below even the capped hourly EAJA rate of $173.00.

### III. Conclusion

For the foregoing reasons, I recommend that the Motion be **GRANTED** as prayed for and that the plaintiff be awarded a section 406(b) fee in the amount of $3,848.00 payable to her attorney, with the proviso that her attorney refund to her the sum of $2,283.00 in previously-awarded EAJA fees.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days after being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.*

Dated this 31st day of January, 2011.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge